U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2010 AUG 31  PM 2:59

CLERK
BY_____pjl_____
DEPUTY CLERK

KAVEH S. SHAHI and           :
LESLIE S. SHAHI,             :
                             :
       Plaintiffs,           :
                             :
       v.                    :        Case No. 5:10-cv-15
                             :
THE STANDARD FIRE INSURANCE  :
COMPANY,                     :
                             :
       Defendant.            :

**ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS
(Doc. 14)**

This matter came before the court on June 28, 2010 for a hearing on the motion to
dismiss filed by Defendant, The Standard Fire Insurance Company. Defendant seeks
dismissal of Counts I & II of Plaintiffs' Complaint because Plaintiffs' direct insurance
action against Defendant is allegedly barred by the applicable statute of limitations.
Defendant seeks dismissal of Count III on the ground that Plaintiffs' malicious prosecution
cause of action fails to state a claim. Plaintiffs, Kaveh S. Shahi and Leslie S. Shahi, oppose
dismissal.

Defendant is represented by Gregory A. Weimer, Esq. Plaintiff, Kaveh S. Shahi,
Esq. is self-represented. Plaintiff, Leslie S. Shahi, is represented by David L. Cleary, Esq.

Both parties agree that although Defendant's motion seeks dismissal under Fed. R.
Civ. P. 12(b)(6), because the motion was filed after the filing of Defendant's Amended
Answer, it must be treated as a motion for judgment on the pleadings under Fed. R. Civ. P.
12(c).

**I. Factual and Procedural Background.**

The instant case arises out of a long-standing dispute between Plaintiffs and their
neighbors, Deirdre Donnelly and Daniel Madden, involving various events that occurred on

and about their properties in Woodstock, Vermont.  Defendant, through its alleged agent, Travelers Insurance Company ("Travelers") is alleged to have insured Ms. Donnelly at times relevant to Plaintiffs' Complaint.

### A.  *Shahi v. Madden.*

In November of 2004, Plaintiffs filed a case in Windsor Superior Court, styled *Shahi v. Madden*, Docket No. 591-11-04 Wrcv ("*Shahi v. Madden*"), alleging that Mr. Madden committed various acts of vandalism that injured Plaintiffs.  In July of 2006, Plaintiffs obtained a jury verdict in the amount of $1.8 million against Mr. Madden.  Mr. Madden appealed to the Vermont Supreme Court.  In March of 2008, the Vermont Supreme Court affirmed the judgment in *Shahi v. Madden*.

In April of 2008, Plaintiffs filed a motion in *Shahi v. Madden* seeking a Hate Crimes injunction pursuant to 13 V.S.A. §§ 1458-1466 which was granted.  During the injunction proceeding, in April of 2008, Mr. Madden claimed to be insolvent.  Mr. Madden appealed the Hate Crimes injunction to the Vermont Supreme Court where it remains pending.  In June of 2008, in *Shahi v. Madden*, the trial court issued an amended judgment in the amount of $2,205,493.30 to include post-judgment interest.

### B.  *Shahi v. Donnelly.*

 In September of 2006, Plaintiffs filed suit against Deirdre Donnelly in Windsor Superior Court in an action styled *Shahi v. Donnelly,* Docket No. 496-9-06 Wrcv ("*Shahi v. Donnelly*").  In that case, Plaintiffs seek to hold Ms. Donnelly jointly liable for the *Shahi v. Madden* judgment, and further seek a declaratory judgment that Ms. Donnelly's real property is available to satisfy the judgment.  Stephen D. Ellis, Esq., an attorney who is allegedly regularly retained by Travelers, represented Ms. Donnelly in *Shahi v. Donnelly*.  Plaintiffs allege that, on or about December 13, 2006, Defendant, through Travelers, declined to defend Ms. Donnelly in that action.  Thereafter, in August of 2008, Plaintiffs allege that Defendant, through Travelers, accepted Ms. Donnelly's defense without securing a non-waiver agreement.  On November 26, 2008, in an action styled *The Standard Fire Insurance Company v. Donnelly*, 5:08-cv-00258, Defendant brought a declaratory judgment

action in this court, requesting a declaration that Defendant has no obligation under the Donnelly policy to defend and indemnify Donnelly ("*SFIC v. Donnelly*").

On May 18, 2009, Ms. Donnelly amended her counterclaim in *Shahi v. Donnelly* to allege, among other things, that Plaintiff Kaveh Shahi terrorized his own family by engaging in the same conduct that Mr. Madden was found to have committed in *Shahi v. Madden*. On July 14, 2009, after Plaintiffs filed a motion to dismiss the counterclaim and both parties had completed their briefing on the motion, the counterclaim was unilaterally dismissed by Ms. Donnelly's counsel.

*Shahi v. Donnelly* remains pending before the Windsor Superior Court. *SFIC v. Donnelly* remains pending before this court.

### C. Defendant's Alleged Role in *Shahi v. Madden*.

Plaintiffs allege that Defendant, through Travelers, intervened on behalf of Ms. Donnelly in *Shahi v. Madden* and, in doing so, represented Mr. Madden's interests as well as those of Ms. Donnelly. In addition, Plaintiffs allege that Defendant, through Travelers, pursued both appeals in *Shahi v. Madden* without Mr. Madden's consent. Ms. Donnelly's insurance policy, issued by Defendant allegedly contains the following provision required by 8 V.S.A. § 4203(1): "If judgment is rendered against you and we continue the suit by appeal or otherwise, no limitation of liability in this policy shall be valid unless you agree to such continuation." The *Donnelly* policy has not been provided to the court. Plaintiffs allege that in response to requests to admit in *Shahi v. Donnelly*, Attorney Ellis denied that Mr. Madden's permission was obtained to intervene in *Shahi v. Madden*.[1]

### D. Plaintiffs' Complaint and Defendant's Motion to Dismiss.

Plaintiffs' three-count Complaint seeks a declaratory judgment as well as compensatory and punitive damages, attorney's fees, interest, and costs. In Count I, Plaintiffs seek a declaratory judgment under 29 U.S.C. § 2201, asking the court to declare that Defendant is obligated to extend coverage to Mr. Madden under the Donnelly policy as a spouse residing in the same household. In Count I, Plaintiffs ask the court to further

---

[1]  It is unclear why Attorney Ellis allegedly responded to requests to admit as the applicable rule requires this discovery to be served on and answered by a party. *See* V.R.C.P. 36.

declare that Defendant has waived any limitation of liability in the policy under 8 V.S.A. § 4203(1),[2] by pursuing appeals in *Shahi v. Madden* without Mr. Madden's consent.

Count II of the Complaint alleges that, in light of Mr. Madden's alleged insolvency, and Defendant's alleged assumption of Mr. Madden's defense, Plaintiffs may proceed directly against Defendant pursuant to 8 V.S.A. § 4203(3).[3] Plaintiffs seek a declaration as to the amounts of the policy limits and an order that Defendant pay the same.

In Count III, Plaintiffs assert a claim for malicious prosecution based on a counterclaim filed, and then voluntarily dismissed, in *Shahi v. Donnelly*.

## II. Conclusions of Law and Analysis.

In this case, federal jurisdiction is based on diversity of citizenship. Accordingly, the court applies the substantive law of Vermont, the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443, (2d Cir. 2005).

### A. Standard of Review.

Federal Rule of Civil Procedure 12(c) provides, in part, "[a]fter pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion "'is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court

---

[2] 8 V.S.A. § 4203(1) provides in relevant part:

> No limitation of liability in this policy shall be valid, if after a judgment has been rendered against the insured in respect to his legal liability for damages in a particular instance, the company continues the litigation by an appeal or otherwise, unless the insured shall stipulate with the company, agreeing to continue such litigation.

[3] 8 V.S.A. § 4203(3) provides:

> The insolvency or bankruptcy of the insured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the policy, and in case of such insolvency or bankruptcy an action may be maintained by the injured person or claimant against the company under the terms of the policy, for the amount of any judgment obtained against the insured not exceeding the limits of the policy.

4

will take judicial notice.'" *Taylor v. City of New York*, 953 F. Supp. 95, 97 (S.D.N.Y. 1997) (quoting Charles A. Wright, Arthur R. Miller *et al.*, Federal Practice & Procedure, § 1367, at 509-10 (2d ed. 1990)). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Sira v. Morton*, 380 F.3d 57, 66 (2d Cir. 2004) (citations and quotations omitted).

"To survive a Rule 12(c) motion, [a] 'complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's factual allegations are accepted as true and all reasonable inferences are drawn in his favor. *Iqbal*, 129 S. Ct. at 1950. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[]" and "only a complaint that states a plausible claim for relief [will survive] a motion to dismiss." *Id.*

Under Rule 12(c), "[a] district court must convert a motion for judgment on the pleadings to one for summary judgment if the motion includes material 'outside the pleadings' and that material is 'not excluded by the court.'" *Sira*, 380 F.3d at 66; Fed. R. Civ. P. 12(c).

### B. Dismissal on Statute of Limitations Grounds.

Defendant argues that Counts I and II of Plaintiffs' Complaint must be dismissed because they are barred by 8 V.S.A. § 4203(2)'s one year statute of limitations which provides:

> No action shall lie against the company to recover for any loss under this policy, unless brought within one year after the amount of such loss is made certain either by judgment against the insured after final determination of the litigation or by agreement between the parties with the written consent of the company.

Defendant points out that the Complaint alleges that in March of 2008, the judgment against Mr. Madden in *Shahi v. Madden* was affirmed. (Doc. 1 ¶ 14.) Accordingly, pursuant to 8 V.S.A. § 4203(3), any right Plaintiffs had to institute a direct action against Defendant to collect the *Shahi v. Madden* judgment under the Donnelly policy was triggered by that final

judgment and by Mr. Madden's claim in April of 2008 that he was insolvent.  As the Vermont Supreme Court held in *T. Copeland & Sons, Inc. v. Kansa General Ins. Co.*, 171 Vt. 189, 762 A.2d 471 (2000), "subsection (2) [of 8 V.S.A. § 4203] established a one-year limitations period for actions against insurers seeking to recover under an insurance policy, and subsection (3) created an avenue through which injured parties could directly sue insurance carriers if the insured is insolvent or bankrupt." *Id.*, 171 Vt. at 192, 762 A.2d at 473.  In that case, the court declined to determine when the one-year period began to run because it agreed that claim was barred under either triggering event as the plaintiff had filed suit "more than one year after both the date on which it received a judgment against [the insured] and the date on which [the insured] file for bankruptcy." *Id.*, 171 Vt. at 196, 762 A.2d at 475.

The Vermont Supreme Court provided further guidance for the proper interpretation of Section 4203 in *In re Ambassador Ins. Co., Inc.*, 2008 VT 105, 184 Vt. 408, 965 A.2d 486 (2008).  There, it ruled that, "[t]he possibility of a direct action by an injured party against [the insurance company] arose when [insured] filed for bankruptcy." *Id.* at ¶ 16, 184 Vt. at 417, 965 A.2d at 492.

Considering *T. Copeland & Sons* and *In re Ambassador Ins. Co.* in tandem, the court concludes that Plaintiffs' direct cause of action against Defendant to collect under the Donnelly policy, if any, arose when Plaintiffs obtained a final monetary judgment against Mr. Madden and he had declared his insolvency.  This interpretation reflects not only the dual triggers of Section 4203, but the realities of the litigation.  Application of this ruling to the facts and circumstances of this case, as alleged in the Complaint, reveals that Plaintiffs' cause of action against Defendant accrued no later than April of 2008.  The statute of limitations expired a year thereafter.  Plaintiffs, however, did not file this action until January 21, 2010.  Accordingly, counts I and II appear to be barred by the applicable one year statute of limitations and dismissal appears appropriate.  *See Fortier v. Byrnes*, 165 Vt. 189, 193, 678 A.2d 890, 892 (1996) ("Defendant's motion to dismiss should have been granted because the face of plaintiff's complaint showed his claim to be time-barred.").  Plaintiffs advance several arguments in an effort to avoid dismissal.

### 1.  Whether the Affirmative Defense Was Adequately Pled.

First, Plaintiffs contend that Defendant failed to adequately plead a statute of limitations defense in its Amended Answer and thus that the defense should be deemed waived.  Plaintiffs assert that Vermont law should govern whether Defendant's pleading is sufficient.  However, it is well-established that the adequacy of a federal court pleading is a procedural matter governed by the Federal Rules of Civil Procedure.  As the Ninth Circuit held in *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979):

> [t]he procedural sufficiency of a pleaded claim or defense in federal court is governed by the federal rules, even though the defense relied on may be a state defense.  Although [state] law provided here the applicable limitations period, Fed. R. Civ. P. 8(c) determines whether the pleading of the limitations defense was sufficient.

*Id.* at 827.

Plaintiffs next challenge the specificity of the Defendant's pleading of the affirmative defense.  It is true that Defendant's pleading of "Statute of Limitations" is bereft of any reference to a statute or to facts supporting the defense.  (Doc. 26 at 6.)   In this case, however, there is no doubt as to which statute of limitations applies to Counts I and II.  Indeed, the Complaint repeatedly references the statute in question 8 V.S.A. § 4203, albeit with citations to its other subsections.

The Second Circuit has held "that the [statute of limitations] defense need not be articulated with any rigorous degree of specificity: 'The defense is sufficiently raised for purposes of Rule 8 by its bare assertion.  Identification of the particular statute relied upon, though helpful, is not required in the pleading.'"  *Kulzer v. Pittsburgh-Corning Corp.*, 942 F.2d 122, 125 (2d Cir. 1991) (quotation omitted).[4]

---

[4] The Second Circuit has neither overruled nor affirmed *Kulzer* since *Iqbal* and *Twombly*.  No circuit court has apparently decided whether the *Iqbal/Twombly* heightened pleading standard applies to affirmative defenses.  The district courts that have considered the issue have adopted divergent approaches.  Some courts that have held that all pleadings under Rule 8, including affirmative defenses, must be "plausible."  *See e.g.*, *Barnes v. AT&T Pension Ben. Plan - Nonbargained Program*, 2010 WL 2507769, *4 (N.D. Cal. June 22, 2010) (holding that *Iqbal* extended *Twombly's* pleading standards to all pleadings under Fed. R. Civ. P. 8, including affirmative defenses); *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, *7-8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient

The federal pleading requirements are intended "to give [a party] fair notice of what the [other party's] claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Where "fair notice" has been provided, pleading deficiencies may be excused. *See* 5C Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1381 (3d ed. 2004) (". . . an entire defense should not be eliminated unless it grossly violates the requirements of Rule 8 relating to the general rules of pleading."); *see also Book v. Moulton*, 2005 WL 3307361, *1 (N.D.N.Y. Dec. 6, 2005) ("We acknowledge that in some cases, merely pleading the name of the affirmative defense may be sufficient."); *Electro-Methods, Inc. v. Adolf Meller Co.*, 2006 WL 2850415, *1 (D. Conn. Oct. 3, 2006) ("boilerplate" manner of asserting statute of limitations defense is sufficient).

Application of the foregoing principles to the Amended Answer reveals that it sufficiently pleads the statute of limitations as an affirmative defense because Plaintiffs are on notice of the applicable statute of limitations, Plaintiffs are aware of the facts that give rise to the statute's potential application, and there has been no showing of unfairness or surprise. *See Kulzer*, 942 F.2d at 125; *see also United States v. Cook*, 64 F.3d 660 (Table), 1995 WL 508888, *2 n.3 (4th Cir. Aug. 29, 1995) ("[I]f an affirmative defense is raised in a manner that does not result in unfair surprise to the opposing party, failure to comply with Rule 8(c) will not result in waiver of the defense.").[5]

## 2. Whether Plaintiffs' Direct Cause of Action Has Accrued.

Plaintiffs' second argument is that because *Shahi v. Madden* remains pending, no direct cause of action has yet accrued because there has been no "final determination of the

---

facts and law to support an affirmative defense"); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (applying *Iqbal* and *Twombly* to affirmative defenses). Other courts have not extended *Iqbal/Twombly* to affirmative defenses, citing the difference between the language of Rule 8(c) and Rule 8(a) - (b) for this approach. *See, e.g., Romantine v. CH2M Hill Eng'rs, Inc.*, 2009 WL 3417469, *1 (W.D. Pa. Oct. 23, 2009) (slip copy) (holding that it was inappropriate to extend *Twombly* to either affirmative or negative defenses because *Twombly* was only an interpretation of the pleading requirements of Rule 8(a)); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.* 2009 WL 22861, *2 (E.D. Mich. Jan. 5, 2009) (holding *Twombly's* "short and plain statement" requirement inapplicable to affirmative defenses under Rule 8(c)).

[5]  The court does not foreclose the possibility that different facts and circumstances will yield a different result and that, in another case, greater specificity in pleading will be required.

litigation" as required by 8 V.S.A. § 4203(2). The problem with this argument is two-fold. First, following Plaintiffs' rationale to its logical conclusion would require dismissal of Counts I and II as they fail to state claims that have accrued.

Second, because only the injunctive portion of Plaintiffs' requested relief is on appeal, and because Plaintiffs' monetary losses in *Shahi v. Madden* have been reduced to a sum certain by a final judgment, there is no further action by the state courts that impacts the relief Plaintiffs seek in Counts I and II. Once Plaintiffs received a final monetary judgment against Mr. Madden, an insolvent insured, their cause of action against Defendant accrued. The Vermont Supreme Court's interpretation of 8 V.S.A. § 4203 in *T. Copeland & Sons, Inc.* and *In Re Ambassador Ins.*, countenances no other result.

### 3.   Whether the Affirmative Defense Has Been Waived.

Plaintiffs' final argument is that Defendant should be barred from asserting a statute of limitations defense because it waived such a defense by: (a) failing to assert it in Ms. Donnelly's defense in *Shahi v. Donnelly*; and (b) by its role in *Shahi v. Madden*. Plaintiffs further speculate that Defendant also "may well have waived the one year time limitation by omitting it from [the Donnelly] policy." (Doc. 23 at 10.)  In support of these arguments, Plaintiffs direct the court to the proceedings in *Shahi v. Donnelly* to examine whether a statute of limitations defense could and should have been raised, and to *Shahi v. Madden* to examine Defendant's role. Although the court may take judicial notice of other court proceedings, Plaintiffs have not presented it with the information necessary to do so. *See* Fed. R. Evid. 201(d). Similarly, although the Donnelly policy could be examined consistent with Rule 12(c), a copy of it has not been provided by either party.[6]

A party may waive the right to assert a statute of limitations defense expressly or by its conduct. *See United States v. Thorson Chem. Corp.*, 742 F. Supp. 1170, 1171-72 (C.I.T. 1990). To establish a waiver, a party must show more than a simple failure to raise the defense on a prior occasion:

> A waiver occurs when there is an intentional relinquishment of a known right. *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir. 1982).

---

[6]   The court declines, pre-discovery, to convert the motion to one for summary judgment solely for the purposes of compelling production of this document. *See Sira*, 380 F.3d at 67-68.

"Waiver requires (1) the existence at the time of the waiver a right, privilege, advantage or benefit which may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege, advantage, or benefit. Waiver may be express, or, as in this case, implied from conduct[.] When waiver is implied from conduct, the acts, conduct, or circumstances relied upon to show waiver must make out a clear case." *Id.* (citations and quotes omitted). Furthermore, "there is an implied waiver of a defense or right only where a party's conduct is so consistent with and indicative of an intention to relinquish [the right] and so clear and unequivocal that no other reasonable explanation of the conduct is possible." *G. Garfield v. J.C. Nicols Real Estate*, 57 F.3d 662, 667 (8th Cir. 1995) (quoted source omitted).

*United States v. Jiminez, Inc.*, 2000 WL 1844690, *5 (S.D. Ala. Oct. 19, 2000) (denying summary judgment with regard to defense of expired statute of limitations where plaintiff pointed to correspondence creating reasonable inference of waiver).

Generally, "[w]aiver is a question of fact for the jury," *Heller Int'l Corp. v. Sharp*, 974 F.2d 850, 861 (7th Cir. 1992); *Schonberger v. Serchuk*, 742 F. Supp. 108, 114 (S.D.N.Y. 1990), however, "where there is no dispute as to the material facts and only one reasonable inference can be drawn from them, the question of waiver is a matter of law." *IFC Credit Corp. v. Nuovo Pasta Co., Inc.*, 815 F. Supp. 268, 270 (N.D. Ill. 1993).

This case presents a close question as to whether Plaintiffs' waiver argument should be rejected as a matter of law. On the one hand, Plaintiffs fail to adequately explain why it was incumbent upon Defendant to assert a statute of limitations defense in litigation in which it was not a defendant. Plaintiffs also fail to establish when and how Defendant unequivocally implied by its conduct that it was relinquishing any statute of limitations defense it might have. Finally, Plaintiffs' claim that Defendant may not have reserved the right to assert a statute of limitations defense in denying coverage, or may have waived the defense by not including it in the Donnelly policy, amounts to little more than speculation.

On the other hand, "[a] federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006); *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("A complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not

10

anticipate and attempt to plead around defenses.") (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)).

On balance, where the underlying facts allegedly supporting a waiver have not been established and may be subject to dispute, judgment in favor of Defendant on statute of limitations grounds without at least providing an opportunity for discovery is inappropriate. *See Bice v. Robb*, 324 F. App'x 79, 81 (2d Cir. 2009) (reversing and remanding dismissal because question of whether statute of limitations had run "turns on a number of unresolved issues of fact that would benefit from discovery."); *see also Foss v. Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005) ("Unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development.").

For the foregoing reasons, Defendant's motion for judgment on the pleadings as to Counts I and II of the Complaint is hereby DENIED WITHOUT PREJUDICE.

## C. Dismissal of Count III for Failure to State a Claim.

Defendant seeks dismissal of Count III of the Complaint, alleging malicious prosecution, for failure to state a claim. Defendant argues that Plaintiffs did not receive a favorable termination in the underlying action and that any claim of malicious prosecution is premature as the underlying litigation has not been terminated.

In Count III, Plaintiffs allege that a counterclaim filed in *Shahi v. Donnelly* contained false allegations that were made for the purpose of harassment, intimidation, and humiliation, including an allegation that Kaveh Shahi terrorized his own family and committed the same acts that were the subject of *Shahi v. Madden*.

Under Vermont law, a malicious prosecution claimant must show that: (1) the opposing party instituted a proceeding against him without probable cause; (2) with malice; (3) the proceeding terminated in the claimant's favor; and (4) claimant suffered damages as a result of the prior proceeding. *See Chittenden Trust Co. v. Marshall*, 146 Vt. 543, 549, 507 A.2d 965, 969 (1986) (citations omitted).

In this case, the parties dispute whether the counterclaim in *Shahi v. Donnelly* resulted in a favorable termination. "Where there is no factual dispute on the issue, the question of a favorable termination may be ruled on by the court as a matter of law; but

where there is a dispute, it is for the jury to determine the circumstances under which the prior proceedings were terminated." *See Chittenden*, 146 Vt. at 549, 507 A.2d at 969 (citing Restatement (Second) of Torts § 681B (1977)); *see also Siliski v. Allstate Ins. Co.*, 174 Vt. 200, 204, 811 A.2d 148, 152 (2002) ("[i]f the circumstances surrounding dismissal are ambiguous on this point, the determination should be left for trial.").

Defendant contends that the counterclaim in *Shahi v. Donnelly*, which is the basis for Plaintiffs' malicious prosecution claim, was voluntarily dismissed and therefore cannot be held to have terminated in Plaintiffs' favor. *See Siliski*, 174 Vt. at 203, 811 A.2d at 203 ("At least some courts have held that a voluntary dismissal simply cannot constitute a favorable termination for purposes of a malicious prosecution claim."). Plaintiffs counter that because it was a compulsory counterclaim, a voluntary dismissal constituted a waiver of any further claims against them, and therefore "it cannot be said, as a matter of law, that the dismissal was not a 'favorable termination.'" (Doc. 23 at 13.)

Here, the court need not resolve the issue of whether there was a "favorable termination" because there is no question that the prior proceeding has not yet terminated.

> A [malicious prosecution] claim does not arise until the termination of the original proceeding upon which it is based[.] . . . The weight of authority in this country, including Vermont, is to the effect that the original proceeding must have terminated before an action for malicious prosecution can be instituted.

*Anello v. Vinci*, 142 Vt. 583, 587, 458 A.2d 1117, 1119 (1983) (citing *Roberts v. Danforth*, 92 Vt. 88, 91, 102 A. 335, 336 (1917)).[7] Accordingly, no claim of malicious prosecution arising out of *Shahi v. Donnelly* may be brought at this time.

---

[7] As Defendant correctly points out, the counterclaim in *Shahi v. Donnelly* could be reasserted. A failure to raise a compulsory counterclaim will result in a bar to future litigation of the claim only if there has been a final judgment in the prior litigation. *See Pomfret Farms Ltd. P'ship v. Pomfret Associates*, 174 Vt. 280, 284, 811 A.2d 655, 659 (2002) (Although the doctrine of *res judicata* "applies both to affirmative defenses that could have been raised before, and to compulsory claims that should have been raised[,]" it only bars the litigation of a claim "if there exists a *final judgment* in former litigation in which the parties, subject matter and causes of action are identical or substantially identical.") (emphasis supplied).

Defendant's motion for judgment on the pleadings regarding Count III of the Complaint is hereby GRANTED and Plaintiffs' malicious prosecution claim is hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of August, 2010.

Christina Reiss
United States District Court Judge