U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 AUG 30 AM 9: 37

CLERK
BY _____PM_____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KAVEH S. SHAHI, and <br> LESLIE S. SHAHI, <br><br> Plaintiffs, <br><br> v. <br><br> THE STANDARD FIRE <br> INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 5:10-cv-15 <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DENYING PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**
(Docs. 53, 54)

This matter came before the court on June 30, 2011 for oral argument on the parties' cross-motions for partial summary judgment. Plaintiffs, Kaveh S. Shahi and Leslie S. Shahi, seek summary judgment on Counts I and II of their three-count Complaint. They ask the court to declare that Defendant, Standard Fire Insurance Company ("SFIC"), is obligated, pursuant to a homeowners insurance policy issued to Deirdre Donnelly (the "Policy"), to pay a state court judgment Plaintiffs obtained against Daniel Madden who is or was Ms. Donnelly's husband.

SFIC, in turn, seeks partial summary judgment, asserting that Plaintiffs' claims in Counts I and II of the Complaint are barred by the statute of limitations set forth in 8 V.S.A. § 4203(2). In the alternative, SFIC seeks a determination that it is not liable for the state court judgment against Mr. Madden because of certain Policy provisions.

Defendant is represented by Pietro J. Lynn, Esq. Plaintiff Kaveh S. Shahi, Esq. is self-represented. Plaintiff Leslie S. Shahi is represented by David L. Cleary, Esq.

I. **Undisputed Facts.**

This case arises out of a long-standing dispute between Plaintiffs and their neighbors, Ms. Donnelly and Mr. Madden, involving various events that occurred on and about their properties in Woodstock, Vermont. Defendant, through its alleged agent, Travelers Insurance Company ("Travelers"), insured Ms. Donnelly under the Policy. As a spouse of Ms. Donnelly, living in the same residence, Mr. Madden is an insured under the Policy.

A. *Shahi v. Madden.*

In November 2004, Plaintiffs filed a case in Windsor Superior Court, styled *Shahi v. Madden*, Docket No. 591-11-04 Wrcv ("*Shahi v. Madden*"), alleging that Mr. Madden committed various acts which injured Plaintiffs. Plaintiffs sought monetary damages on a number of theories and an injunction pursuant to Vermont's hate crimes statute, 13 V.S.A. §§ 1458-1466. Plaintiffs and the court determined that the request for injunctive relief under the hate crimes statute would be decided by the court after trial.

Mr. Madden did not notify SFIC or Travelers regarding the *Shahi v. Madden* lawsuit and did not request either a defense or coverage under the Policy.

In July 2006, Plaintiffs obtained a jury verdict in the amount of $1.8 million against Mr. Madden, which included $1 million in punitive damages. Mr. Madden appealed the judgment to the Vermont Supreme Court, which affirmed the judgment in March 2008. *See Shahi v. Madden*, 2008 VT 25, 183 Vt. 320, 949 A.2d 1022.

In April 2008, Plaintiffs filed a renewed request in *Shahi v. Madden*, seeking a hate crimes injunction, and interest on the judgment which had accrued during the appeal.

In June 2008, the trial court issued an amended judgment in *Shahi v. Madden* in the amount of $2,205,493.30, which included post-judgment interest (the "Amended Judgment"). Plaintiffs seek to collect the amounts due under the Amended Judgment from SFIC.

In January 2009, Stephen D. Ellis, Esq. successfully moved to intervene in the hate crimes injunction proceeding on behalf of Ms. Donnelly. As the Vermont Supreme Court noted, "Donnelly was granted intervenor status to join in the objection only so far

2

as it related to her property interests." *See Shahi v. Madden*, 2010 VT 56, ¶8, 5 A.3d 869, 872. During a July 2008 evidentiary hearing on the injunction, Mr. Madden claimed to be insolvent.[1] The state court granted the injunction in May 2009.

Attorney Ellis filed an appeal of the hate crimes injunction in *Shahi v. Madden*. SFIC contends that Attorney Ellis only represented Intervenor Donnelly in the appeal. Plaintiffs contend that Attorney Ellis effectively also represented Mr. Madden and continued the litigation without his consent. The court need not resolve this dispute because it is undisputed that on June 8, 2009, Mr. Madden filed a pro se notice of appeal and thus continued the litigation on his own behalf.

In June 2010, the Vermont Supreme Court reversed the grant of injunctive relief, and remanded Plaintiffs' request for the same to the Windsor Superior Court for redetermination. *See Shahi v. Madden*, 2010 VT 56, 5 A.3d 869. In so ruling, the court noted that "[r]egardless of how the issues [Donnelly] raises on appeal may or may not be limited based on the scope of her intervention, the fact that Madden has formally adopted Ms. Donnelly's arguments as his own—and had raised them himself in the proceedings below—puts them squarely before this Court." *Shahi v. Madden*, 2010 VT at ¶12, 5 A.3d at 874. Against this backdrop, Plaintiffs' repeated claim that *Shahi v. Madden* was appealed and continued without Mr. Madden's consent is bereft of factual support and contrary to the record of those proceedings.

The injunctive relief portion of *Shahi v. Madden* remains pending although the Windsor Superior Court has *sua sponte* moved to dismiss the case.[2]

---

[1] The court's August 31, 2010 Order misidentifies the date Mr. Madden claimed to be insolvent as April 2008. *See* Doc. 39 at 2. This error is not material because Plaintiffs did not file this lawsuit within a year of either the April or July 2008 dates.

[2] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of proceedings in *Shahi v. Madden* and provides each party fourteen (14) days to request an opportunity to be heard on the propriety of taking judicial notice.

### B. *Shahi v. SFIC.*

In Count I of their Complaint, Plaintiffs request a declaration under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, that SFIC is obligated to extend coverage to Mr. Madden, an insured under the Policy, for the *Shahi v. Madden* Amended Judgment. Plaintiffs ask the court to further declare that SFIC has waived any limitation of liability in the Policy under 8 V.S.A. § 4203(1),[3] by pursuing appeals in *Shahi v. Madden* without Mr. Madden's consent.

In Count II of their Complaint, Plaintiffs allege that, in light of Mr. Madden's alleged insolvency, and SFIC's alleged assumption of Mr. Madden's defense,[4] Plaintiffs may proceed directly against SFIC pursuant to 8 V.S.A. § 4203(3).[5] Plaintiffs seek a declaration under the DJA as to the amount of the policy limits and an order that SFIC

---

[3] 8 V.S.A. § 4203(1) provides:

> The company shall pay and satisfy any judgment that may be recovered against the insured upon any claim covered by this policy to the extent and within the limits of liability assumed thereby, and shall protect the insured against the levy of any execution issued upon any such judicial judgment or claim against the insured. No limitation of liability in this policy shall be valid if, after a judgment has been rendered against the insured in respect to his legal liability for damages in a particular instance, the company continues the litigation by an appeal or otherwise, unless the insured shall stipulate with the company, agreeing to continue such litigation.

[4] Plaintiffs claim that because Attorney Ellis filed a notice of appeal in *Shahi v. Madden* (related to the hate crimes injunction), SFIC "in effect provided and continues to provide a defense to Madden in the post-judgment phase of *Shahi v. Madden*." (Doc. 1, ¶ 36.) Plaintiffs assert that because Attorney Ellis was "regularly retained by Travelers," his conduct, even as Ms. Donnelly's attorney, "was either in the scope of his agency for SFIC/Traveler[s] and/or was ratified by SFIC/Travelers." (Doc. 1, ¶ 5.)

[5] 8 V.S.A. § 4203(3) provides:

> The insolvency or bankruptcy of the insured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the policy, and in case of such insolvency or bankruptcy an action may be maintained by the injured person or claimant against the company under the terms of the policy, for the amount of any judgment obtained against the insured not exceeding the limits of the policy.

4

pay the same. In Count III, which is not at issue here, Plaintiffs assert a claim for malicious prosecution.

## II. Conclusions of Law and Analysis.

In this case, federal jurisdiction is based on diversity of citizenship. Accordingly, the court applies the substantive law of Vermont, the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005).

### A. Standard of Review.

On a motion for summary judgment, the court examines "the evidence in the light most favorable to, and draw[s] all inferences in favor of, the non-movant." *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir. 2003) (citation omitted). Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that it is entitled to summary judgment. *Huminski v. Corsones*, 386 F.3d 116, 132 (2d Cir. 2004). Where there are "cross-motions for summary judgment, 'each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.'" *Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*, 628 F.3d 46, 51 (2d Cir. 2010) (quoting *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

A federal court can take judicial notice of proceedings in other courts, both within and outside of the federal system, if the proceedings have a direct relation to matters at issue. *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 425 F. Supp. 2d 484, 508 n.16 (S.D.N.Y. 2006) (citing *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)).

### B. Whether Counts I and II are Barred by the Statute of Limitations.

Through its enactment of 8 V.S.A. § 4203, the Vermont Legislature created for "an injured person" "an applicable statutory right in § 4203(3)," *Korda v. Chicago Ins. Co.*, 2006 VT 81, ¶ 25, 180 Vt. 173, 908 A.2d 1018, in the form of a third party direct

5

action against a defendant's insurance company. In the absence of this statutory right, a cause of action against a defendant's insurance company would not exist because "direct actions against the insurer by persons other than the insured are prohibited because of the absence of privity of contract." *Id.* (citations omitted). The triggers to the direct action are twofold. First, there must be the "insolvency or bankruptcy of the insured[,]" 8 V.S.A. § 4203(3), and second the "injured party or claimant" must have obtained a monetary judgment against the insured. *Id.*

Pursuant to the Vermont Legislature's statutory scheme, the insurance company's policy with its insured governs the terms and limits of its liability, 8 V.S.A. § 4203(3), unless "after a judgment has been rendered against the insured in respect to his legal liability for damages" the insurance company "continues the litigation by an appeal or otherwise" without the insured's agreement. 8 V.S.A. § 4203(1).

Under 8 V.S.A. § 4203(2), the third party direct action must be brought "within one year after the amount of such loss is made certain by judgment against the insured after final determination of the litigation or by agreement between the parties with the written consent of the company."

In *T. Copeland & Sons, Inc. v. Kansa Gen'l Ins. Co.*, 171 Vt. 189, 762 A.2d 471 (2000), the Vermont Supreme Court explained that "subsection (2) [of Section 4203] established a one-year limitations period for actions against insurers seeking to recover under an insurance policy, and subsection (3) created an avenue through which injured parties could directly sue insurance carriers if the insured is insolvent or bankrupt." *Id.* at 192, 762 A.2d at 472. In concluding that the one-year limitations period in subsection (2) governed direct actions brought under subsection (3), *id.* at 193, 762 A.2d at 473, the *Copeland* court explained Section 4203 was "part of an overall statutory scheme and [the subsections] should be read and construed together," not as separate and independent sections. *Id.*, 762 A.2d at 473-74.

The *Copeland* court cautioned that the direct action created by subsection (3) granted a third party "a derivative right to sue the insurer that is no greater than that of the insured's," and that under such a theory, a third party "levying a direct action stands in

the same shoes as the insured and with rights equal to, but not greater than, the insured." *Id.* at 195, 762 A.2d at 475. Therefore, "since subsection (2) mandates that an insured has only one year in which to bring an action against the insurer, a third party is bound by the same condition." *Id.* at 196, 762 A.2d at 475.[6]

SFIC points to the jury verdict and judgment entered in *Shahi v. Madden* in July 2006; the Vermont Supreme Court's affirmance of that judgment in March 2008; the Amended Judgment that included post-judgment interest in June 2008; and Mr. Madden's statement, in July 2008, that he was insolvent. Because Plaintiffs filed the instant action on January 21, 2010, more than a year after learning of Mr. Madden's insolvency in July 2008 and more than a year after obtaining a final Amended Judgment against him in June 2008, SFIC argues that Plaintiffs' direct claims against it for payment of the Amended Judgment are time-barred.

Plaintiffs seek to avoid the statute of limitations by contending that, for a number of reasons, SFIC has waived not only the statute of limitations, but any limitation on liability and coverage defenses contained in the Policy. The court addresses the statute of limitations first as it is dispositive of whether Counts I and II survive summary judgment.

Plaintiffs argue that because they stand in the shoes of the insured, SFIC had an obligation to include the applicable statute of limitations in the Policy and its alleged failure to do so waives SFIC's right to raise it as a bar to this litigation.[7] What Plaintiffs pointedly ignore is that their direct cause of action against SFIC is a creature of *statute* not of contract, and is governed by a one-year statute of limitations, regardless of whether that statute of limitations is contained in the Policy. Had the Vermont Legislature determined that the language of the underlying policy would govern the applicable statute

---

[6] The court declined to answer the question of when the one-year limitation period began to run, accepting the lower court's conclusion that the suit was untimely because the plaintiff had filed more than a year after both the date on which it had received a judgment against the insured and the date the insured filed for bankruptcy.

[7] Plaintiffs make no argument that such a provision would have provided them with notice of the statute of limitations.

of limitations, it could have drafted Section 4203 accordingly. It did not do so. Instead, it created a limited one-year window in which an "injured party" could sue an insolvent or bankrupt defendant's insurance company for a judgment for money damages that was both "final" and "certain."[8]

In the alternative, Plaintiffs argue that as of the date of Mr. Madden's insolvency, there was no "final determination" of *Shahi v. Madden* and thus their cause of action for a direct claim against SFIC had not yet accrued. This argument ignores the realities of the litigation. There is no reasonable argument that, in the circumstances of this case, the Amended Judgment could have been altered by Plaintiffs' quest for injunctive relief. To the contrary, as of June 2008, the Amended Judgment was both "final" and "certain" in terms of monetary "loss" covered by the Policy. Plaintiffs have not and cannot argue that their requested injunctive relief is covered by the Policy, or that it may give rise to a separate direct action against SFIC. Indeed, anything Plaintiffs seek from the continuance of *Shahi v. Madden* will have no impact on their rights vis-à-vis SFIC. Moreover, even if Plaintiffs were correct in interpreting Section 4302(2) to require a "final determination of the litigation" as a condition precedent to bringing suit, Plaintiffs would gain nothing because it would render their claims premature and not ripe for adjudication as *Shahi v. Madden* remains pending. The only reasonable application of Section 4203(2) to this case is that Plaintiffs' cause of action against SFIC accrued no later than July 2008 because as of that date Mr. Madden was "insolvent" and the "loss" for which a direct action could be pursued was both "final" and "certain."

Plaintiffs filed their lawsuit in January 2010, well outside the one-year limitations period. Counts I and II must therefore be dismissed. Because the court has decided the cross-motions on statute of limitations grounds, it does not address the parties' further arguments for or against dismissal of Counts I and II on the basis of provisions contained in the Policy.

---

[8] The *Copeland* court held that "[w]hile 'loss' traditionally has been defined as the amount of an insured's financial detriment that the insurer becomes liable to pay, . . . the Legislature broadened 'loss' to include the financial detriment suffered by a third party." *Id.* at 194, 762 A.2d 474.

8

## CONCLUSION

For the reasons stated above, the court GRANTS Defendant's motion for partial summary judgment on Counts I and II, and DENIES Plaintiffs' motion for partial summary judgment.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 30th day of August, 2011.

Christina Reiss, Chief Judge
United States District Court